## No. 14,824.

GORDON *v*. BROTHERHOOD OF LOCOMOTIVE FIREMEN AND ENGINEMEN.
(125 P. [2d] 140)

Decided April 20, 1942.

348

Mr. Isaac Mellman, Mr. Victor B. Ginsberg, for plaintiff in error.

Mr. Harold C. Heiss, Mr. Russell B. Day, Messrs. Hindry, Friedman & Brewster, for defendant in error.

*In Department.*

Mr. Chief Justice Young delivered the opinion of the court.

The parties are before this court in the same order in which they appeared in the district court, and for convenience are designated as plaintiff and defendant, or by name.

Plaintiff, Gordon, was a member of defendant organization, the Brotherhood of Locomotive Firemen and Enginemen, when he sustained an injury in 1924 which resulted in the amputation of his right leg seven inches below the knee and a serious injury to his right arm. He was adjudged to be totally and permanently dis-

abled, and to have a pensionable status under the pension system then existing and in operation in the organization.

In 1932 plaintiff, as he contends, upon a representation by officials of the organization competent to bind it, which representation was contained in letters set out in the pleadings, that he would retain his totally and permanently disabled status, was transferred from the pension department, then in financial difficulties, to the disability benefit department of the organization. He received from this department, until 1933, the same amount previously paid him monthly as a pension. Defendant alleges that in 1933, by its proper authority, it adjudged plaintiff no longer totally and permanently disabled within the constitutional provisions of the order relating to the disability benefit department, and ceased paying him compensation. Plaintiff then applied to a relief department of the organization and was paid a charitable relief allowance for a number of months in a lesser monthly amount, when this also was discontinued.

Why relief would be necessary for a man not totally and permanently disabled so as to prevent him from engaging in any work for remuneration or profit, does not appear. Defendant, among other things, alleges that plaintiff is barred from prosecuting this action for the reason that when he was dropped from the disability benefit roll he did not take the appeals for which provision was made within the organization by its constitution before having recourse to legal action, and that until such intra-organization remedies are exhausted he has no standing in court. Plaintiff alleges that such intra-organization appeals are not required of him; that under a proper construction of the constitutional provisions, if they are at all applicable, which he denies, appeals are only required when a member is seeking to be placed on the benefit roll and his application is refused by the lower tribunal to which is delegated au-

thority to first pass on his case. He alleges that when he has been placed on the roll and the organization drops him therefrom, it is the moving party and that the constitution does not require him then to assume that it did so by action of its lowest tribunal so as to throw on him the burden of making the same appeals before having recourse to legal action, as he admits he would be compelled to do if he were the moving party seeking to be placed on the roll in the first instance.

The foregoing does not include all of the questions raised by the pleadings, but for the purposes of this opinion we deem it sufficient to show the general character of the litigation. Plaintiff raised most of these questions by his replication which is of considerable length. Defendant filed a motion to strike twenty-seven parts of the replication, based principally upon the proposition that the allegations thereof as to the construction and meaning of the constitutional provisions of the organization were conclusions of the pleader and raised no issue. The trial court sustained the motion in toto, whereupon plaintiff signified his intention to stand on his replication and the court summarily dismissed the action and entered judgment against him for costs. Plaintiff is here seeking a reversal.

The record discloses a judgment dismissing plaintiff's cause of action on the court's own motion. No demurrer was filed directed to any of the pleadings— except to the complaint, and that was withdrawn— which could be said to search the record and which would admit any facts well pleaded in any pleading to which it might be applicable; there was no motion for judgment on the pleadings which also has the effect of assuming as established certain facts for the purpose of judgment, and there was no trial in which evidence was introduced to establish controverted facts.

A motion to strike neither admits nor denies anything; therefore, it does not admit, nor does it deny, the truth of the allegations contained in plaintiff's com-

plaint; neither would such a motion admit or deny any of the allegations of defendant's answer. Defendant, by withdrawing its demurrer, at least signified that it did not desire so to attack the sufficiency of the complaint and by no other or subsequent action has it done so. In this situation the court was without authority to declare the pleading insufficient and we assume, without determining, that it states a cause of action. Neither has the sufficiency of the answer been attacked and we assume also, but without determining, that it states a good defense.

Plaintiff elected to stand on his amended replication. Suppose no replication had been filed, then there could have been no motion to strike. Suppose further that in such case the court had of its own motion entered a judgment for defendant dismissing plaintiff's complaint, as it did in this case, without evidence to establish the allegations of the answer, could such a judgment stand, on some sort of presumption or assumption that the allegations of the answer are true? We think not.

Suppose the action must be abated as defendant contends, because full recourse to the organization scheme for settlement of the controversy had not been had, so that it can be said that the claim had been denied by the final organization authority empowered to pass upon it and a cause of action thereby brought into being, would it not be necessary for defendant to establish what the constitutional provision is relating to the organization settlement of such matters, and if it is a part of the contract would it not be necessary to construe it to determine whether it applies to plaintiff's case? Plaintiff says it does not apply to his case. He contends that when a member applies for a benefit and is denied by the authority first vested with power to pass upon his application, before he can assert a right against the organization he must appeal ultimately to the highest authority vested with power to allow or deny him a benefit—but, he says that when his right to a benefit

is once established in a manner satisfactory to the organization, it, the organization, as the moving party, cannot take his benefit away from him by action of its lowest tribunal, and compel him to appeal from its action to a succession of organization tribunals before he can assert his right in the courts of the land. He asserts that as a matter of construction of the constitutional provisions, assuming that they enter into his contract, which he denies, that appeal in cases such as his is not required. If it is not,. then the provision of the contract, §7(a) of article 23, that "he must exhaust all remedy by appeal provided by the laws of the Brotherhood," does not apply to him because there is no appeal remedy provided in such cases to be exhausted.

If the trial court — whose function it is in the first instance, and not ours—shall construe the constitutional provisions as a part of the contract, and as requiring no appeal within the organization or as requiring an appeal, and being so arbitrary and unreasonable as to deny plaintiff his rights, then all of defendant's argument in its brief is beside the issue, for the matter of a duty to appeal is eliminated from the case, and other issues may then become controlling.

■ Because the judgment was entered under circumstances such as indicate that the court had before it no factual situation established by evidence, or which it was warranted by law in assuming as the factual situation, it must be reversed.

■ Our reading of the record and briefs leads us to believe that defendant and the trial court may have misconceived the theory of plaintiff's action and his replication to the answer. When certain legal questions are settled on demurrer, or trial, or by some other legally recognized method, much of the replication as filed will stand or fall depending on whether those issues are resolved in favor of plaintiff or defendant. Until that occurs, plaintiff is entitled to set forth in his replication any matters that will avail him to avoid the

defenses in defendant's answer, upon the assumption that the legal questions will be determined in his favor.

In view of the possible trial of the case, we suggest a careful re-examination of the pleadings by court and counsel in the light of plaintiff's theory of the case, to the end that any matters germane to that theory be not stricken and the principal issue determined without all relevant matters being passed upon by the trial court, to the further end that, in the event of another review, all issues may be before us. In so suggesting, we do not intend a usurpation of the functions of the trial court, nor to give any specific direction as to how it shall procure the framing of issues. Neither do we now pass upon, nor preclude ourselves from in the future passing upon, the propriety of what has been done, if the trial court shall, with or without further consideration, permit to stand the former order on the motion to strike.

The judgment is reversed and the cause remanded, to stand upon the docket of the district court as when the order to strike was sustained, and the court may take or permit to be taken further action in accordance with its understanding of the law, not inconsistent with the views announced in this opinion.

MR. JUSTICE KNOUS and MR. JUSTICE BURKE concur.