**Lloyd Roger GILLAND, Plaintiff,**

**v.**

**Oris D. HYDER, Judge, Criminal Court for Carter County, Tennessee, Defendant.**

**Civ. No. 2095.**

United States District Court
E. D. Tennessee,
Northeastern Division.

May 3, 1967.

## MEMORANDUM OPINION AND ORDERS

NEESE, District Judge.

■ · The plaintiff, having made affidavit that he is unable to prepay the fees and costs herein or give security therefor, having attached same to a document which may be construed as a complaint which states the nature of this action, and having stated his belief that he is entitled to redress, the plaintiff hereby is authorized to commence and prosecute this action without the prepayment of fees or costs or giving security therefor. 28 U.S.C. § 1915(a)

■ The plaintiff, a prisoner in a Tennessee state penitentiary, seeks damages from the Honorable Oris D. Hyder, judge of the Criminal Court of Carter County, Tennessee, for allegedly depriving the plaintiff of his civil rights under color of law, 42 U.S.C. § 1983, by the alleged failure of the defendant to render judgment of that court so as to allow the plaintiff credit on his sentence for the time the plaintiff was committed and held in the Carter County, Tennessee jail pending his arraignment and trial. T.C.A. § 40–3102. This Court notices *sua sponte* that this complaint fails to state a claim against the defendant on which relief can be granted in this court. Rule 12(b) (6), Federal Rules of Civil Procedure.

The fixing by the defendant of the plaintiff's term in the penitentiary was a judicial function of the defendant. T.C.A. § 40–2704. " * * * The immunity of judges for acts within the judicial role is * * * well-established, and [courts will] presume that Congress would have specifically [abolished this settled principle of law in enacting 42 U.S.C. § 1983] had it wished to abolish the doctrine. * * * " Pierson v. Ray (1967), 386 U.S. 547, 554, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288, 295 (headnote 5). " * * * This immunity applies even when the judge is accused of acting maliciously and corruptly, and it 'is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence, and without fear of consequences.' [Cases cited omitted.] * * * It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision-making but to intimidation. * * * " Idem., 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288, 554, (headnote 3).

■ For the foregoing reasons, it is obvious to the Court that the plaintiff is entitled to no relief. Under those circumstances the Court will not indulge the idle gesture of requesting a lawyer to represent him herein, Forsythe v. State of Ohio, C.A.6th (1964), 333 F.2d 678, 679 [1], and his application therefor hereby is

Denied.

■ Neither does this Court believe that the defendant should be required to appear herein and enter a formal motion to dismiss. To do so might tend to dampen the ardor of the defendant in the unflinching discharge of his judicial duties. Cf. Barr v. Mateo (1959), 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434, 1441 [4], quoting the late Judge Learned Hand.

On its own motion, therefore, this Court, having considered the foregoing matters, hereby denies the plaintiff all relief and directs the clerk of this Court to dismiss the complaint herein for failure to state a claim on which such relief can be granted.