No. 28502

**The Board of County Commissioners of The County of Boulder, The City of Boulder, Agnes Barday, and The State of Colorado v. Donald James Barday**

(594 P.2d 1057)

Decided May 21, 1979.

Allan C. Beezley, Assistant County Attorney, for the Board of County Commissioners of the County of Boulder.

Richard J. Scheidenhelm, Assistant City Attorney, for the City of Boulder.

Yegge, Hall & Evans, Carol M. Welch.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, Edwin L. Felter, Jr., Assistant for the State of Colorado.

Donald James Barday, pro se.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

The respondent, Donald C. Barday, has filed seven complaints in the state and federal district courts in the State of Colorado as well as an original proceeding in this court.[1] He proceeded through an attorney in filing the original complaint in Denver District Court on May 7, 1976,[2] and hired a different attorney to represent him in action No. 77-M-497 in the United States District Court. However, both of these attorneys petitioned for and were granted permission to withdraw from their respective cases, and respondent has elected to proceed *pro se* with all his lawsuits.

The numerous suits all stem from marital difficulties between the respondent and his ex-wife, Agnes Barday. The complaints allege, in a nutshell, that the respondent has been unlawfully detained and held for mental observation, that he has been assaulted by public officials, and that he has been illegally deprived of his livelihood and his life savings. Named as defendants in the various suits include the petitioners here, the Board of County Commissioners of the County of Boulder, the City of Boulder, Agnes Barday, and the State of Colorado.[3] Also named as defendants have been three judges of the Twentieth Judicial district, a district attorney of that district, various law enforcement officers, the attorney who

---

[1] That petition was denied *en banc* on May 11, 1978.

[2] A change of venue was granted on October 20, 1977, to Boulder District Court. The subsequent state court actions were filed in Boulder District Court.

[3] The State of Colorado petitioned this court to intervene in this original proceeding, after the rule to show cause had been issued. The petition to intervene was granted on January 26, 1979.

represented Agnes Barday in dissolution proceedings, and relatives of the respondent. Since 1976, a total of 26 defendants have been drawn into litigation in the respondent's *pro se* actions.

Each of the subsequent actions filed by the respondent relates to the original complaint. The same issues and claims surface repeatedly. There have been countless motions and counter-motions, but none of the actions have as of yet gone to trial or otherwise been resolved. In short, the respondent's *pro se* suits have substantially interfered with state judicial processes for some time now, and do not appear at present to be progressing at all.[4]

Mr. Barday has accused the many defendants, in conclusory and highly-charged emotional language, of acting in concert to deprive him of certain property and freedoms. Yet the complaints do not set forth sufficient facts by which a court may judge whether the complaint has legal merit. Thus, judges have found it necessary to dismiss certain claims or certain defendants or take other actions adverse to the respondent. This, in turn, has resulted in those judges being named co-defendants in the subsequent lawsuit, as now being part of the concerted action against him, and the process goes on and on.

The petitioners have requested that this court enjoin the respondent from proceeding *pro se* as a plaintiff in any present or future litigation in the state courts of Colorado. We issued a rule to show cause on January 4, 1979, why the injunction should not be granted. We now make that rule absolute, but we restrict the injunction to present or future *pro se* suits arising out of or related to the respondent's marital difficulties with Agnes Barday.

The power of this court to issue such an injunction is firmly established in this state. It is based upon Article VI, Section 2(1) of the Colorado Constitution, which vests this court with general superintending power over all inferior state courts. In *People v. Spencer,* 185 Colo. 377, 524 P.2d 1084 (1974) and *Shotkin v. Kaplan,* 116 Colo. 295, 180 P.2d 1021 (1947), this court exercised its supervisory powers and restrained *pro se* litigants from further representing themselves as plaintiffs in the courts of this state. We found that, by proceeding *pro se,* the litigants in those cases had hampered the efficient administration of justice to an intolerable degree. Thus we determined that the best cure for the situation was to require the litigants to proceed through an attorney, or not at all.

---

[4] Since the filing of the petition in this action, a hearing has been held before Judge Dana in the Boulder District Court. The hearing concerned various outstanding motions in three of respondent's suits, which have been consolidated. The hearing also proved to be unproductive. In his frustration, Judge Dana stayed the proceedings in those cases for 60 days or until such time as Mr. Barday obtained an attorney to represent him.

The present situation is analogous to *Shotkin* and *Spencer*. Again, we find that these numerous and expanding suits have created unwarranted expense to taxpayers in processing the claims and have interfered with the functioning of the court system so as to hamper the efficient administration of justice for other litigants who seek redress in the state courts. As in *Shotkin*, the respondent here has consistently sued parties, lawyers, and judges who have opposed him in his fruitless prior attempts at gaining relief. As in *Spencer*, the respondent here has been "the master of the summons, the architect of the complaint and the trier of none."

Mr. Barday has compiled a voluminous collection of his bald allegations, which are, for the most part, repetitive and factually unsupported. The two attorneys he has employed have both withdrawn. The first stated in his motion to withdraw that he was unable to communicate with Mr. Barday, and he further stated that Mr. Barday "insist[ed] on presenting a claim herein that the Movant believes is not warranted by the facts or under existing law." The second attorney withdrew from an action filed by the respondent in federal court because the respondent had not communicated with him, and he (the attorney) could not comply with Fed.R.Civ.P. 11, which provides, in part, that an attorney shall not sign a pleading unless the attorney believes that there is "good ground" to support the claims stated therein.

The obvious conclusion to be draw from the facts before us is either (1) that the respondent has no legal claim and is persisting in his lawsuits merely to harass his ex-wife and those who have found it in their judgment to oppose him, or (2) that the respondent needs an attorney to structure his claims for him so that the cases may proceed. In either case, he has no right to further burden the state court system by the methods he has heretofore employed. We therefore order that the repondent be prohibited from further representing himself as a plaintiff in any present or future actions related to or arising out of his marital difficulties.

■ We recognize that the Colorado Constitution guarantees to every person the right of access to courts of justice in this state. *Colo. Const.* Art. II, Sec. 6. However, the right of access to courts does not include the right to impede the normal functioning of judicial processes. Nor does it include the right to abuse judicial processes in order to harass others. Where we find, as here, that a *pro se* litigant's efforts to obtain relief in our courts not only hamper his own cause, but deprive other persons of precious judicial resources, we must deny his right of self-representation as a plaintiff. We note that only his right of self-representation is being denied, not his right of access to the courts; Mr. Barday is still free to proceed through an attorney of his choice, and he is still free to appear *pro se* in his own defense. Thus this injunction works no infringement on respondent's constitutional rights.

Rule made absolute.
MR. JUSTICE CARRIGAN does not participate.