## 67993. CRAMER, INC. v. SOUTHEASTERN OFFICE FURNITURE WHOLESALE COMPANY et al.

CARLEY, Judge.
Appellant brought suit against Southeastern Office Furniture Wholesale Company ("Southeastern") and Bank of the South, N.A., ("Bank") to recover an alleged indebtedness. On the day of trial, T. Gordon Lamb, who was counsel of record for appellant, was not present in court. Instead, an attorney Cohen from Lamb's firm appeared and participated in the proceedings. A pretrial conference was held, after which a bench trial was conducted. When the trial began, appellant announced that its only witness had failed to appear. Appellant then attempted to introduce into evidence a copy of a document, but the proffered evidence was ruled inadmissible. Having thus presented no evidence whatsoever in support of its claim, appellant rested. Thereafter, pursuant to OCGA § 9-11-41 (b), the Bank moved for the entry of an order of involuntary dismissal of the case on the ground that appellant had failed to establish a right to relief. The motion was

granted not only as to the Bank, but also as to Southeastern. Additionally, the trial court sua sponte invoked the provisions of OCGA § 9-15-7 and ordered that costs be paid by T. Gordon Lamb personally. Appellant appeals.

1. Appellant first enumerates as error the involuntary dismissal of its claim against both defendants in the case, inasmuch as Southeastern failed to appear for trial. Appellant asserts that, prior to trial, Southeastern had agreed to the entry of a consent judgment. However, the record contains no such agreement, and no consent judgment was entered. Furthermore, when the trial court inquired into Southeastern's absence from the proceedings, appellant offered no explanation and made no mention of any settlement agreement. Appellant neither voluntarily dismissed Southeastern from the case nor sought the entry of a default or a consent judgment against it. Thus, Southeastern remained a party to the proceedings, and appellant failed to make out a claim against it or against appellee. Accordingly, an involuntary dismissal of the complaint as against both defendants was proper.

The trial court did not err in entering such an order of dismissal, even though Southeastern did not make a formal motion therefor. While it is true that OCGA § 9-11-41 (b) contemplates a motion by a defendant, *Kalin v. Pfarner*, 124 Ga. App. 816 (186 SE2d 365) (1971), the court may exercise its inherent power to dismiss sua sponte. Cf. *Krasner v. Verner Auto Supply*, 130 Ga. App. 892 (204 SE2d 770) (1974); *Kelly v. Chrysler Corp.*, 129 Ga. App. 447 (199 SE2d 856) (1973).

2. Appellant next asserts that the trial court erred in "refusing to accept" a voluntary dismissal of the action under OCGA § 9-11-41 (a). The record and transcript do not indicate that a voluntary dismissal was ever filed, or even discussed. Matter which is inserted in an appellate brief but which does not appear in the record transmitted by the trial court cannot be considered by this court and cannot afford a basis for reversal. See *Taylor v. Bentley*, 166 Ga. App. 887 (305 SE2d 617) (1983).

3. Appellant also contends that the trial court abused its discretion in failing to continue the case. However, there is nothing in the record to indicate that a motion for continuance was made. In the absence of such a motion, there was no error in going forward with the proceedings. *Davis v. Barnes*, 158 Ga. App. 89 (279 SE2d 330) (1981).

4. Appellant finally enumerates as error the trial court's determination that there was wilful neglect or misconduct on the part of attorney T. Gordon Lamb, so as to justify the imposition of costs against him personally pursuant to OCGA § 9-15-7.

The record and transcript reveal that Lamb, who had conducted

the pretrial proceedings for appellant, failed to appear for trial. He sent in his stead attorney Cohen, who had not previously participated in the case. Cohen was given Lamb's file on the matter on the evening before trial and he did not have the time or the opportunity to prepare an adequate presentation of appellant's claim. Lamb informed Cohen that no witnesses would appear on behalf of appellant, and he instructed Cohen to establish appellant's case by calling the Bank's witness to testify. That approach failed, however, because the Bank's witness was not present. Cohen was unable to answer the trial court's queries as to whether Lamb had subpoenaed any of the Bank's witnesses or had made any arrangements whatsoever to have any witnesses appear for trial. This evidence of Lamb's failure to prepare adequately for a trial which he had demanded and of which he had ample notice supplied a basis for the trial court's determination that the involuntary dismissal of appellant's case was due to the wilful neglect or misconduct of Lamb. Since the trial court's finding was supported by some evidence and was not clearly erroneous, it will not be disturbed on appeal. *Wolfe v. Rhodes*, 166 Ga. App. 845 (305 SE2d 606) (1983).

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

DECIDED JUNE 22, 1984 —
REHEARING DENIED JULY 10, 1984.

*Alan E. Cohen, T. Gordon Lamb,* for appellant.
*Mark L. Golder,* for appellees.