**Roberta A. MILDFELT and Jack Mildfelt, Jr., a minor, Appellants,**

**v.**

**CIRCUIT COURT OF JACKSON COUNTY, MISSOURI; Keith Edwards; Jodean Edwards; David R. Smalley, Trustee, Appellees.**

No. 87–1397.

United States Court of Appeals, Eighth Circuit.

Submitted June 12, 1987.

Decided Aug. 26, 1987.

344

Roberta A. and Jack Mildfelt, pro se.

Paul Robert Otto, Asst. Atty. Gen., Jefferson City, Mo., for appellees.

Before McMILLIAN, JOHN R. GIBSON and WOLLMAN, Circuit Judges.

PER CURIAM.

Roberta Mildfelt and her son Jack Mildfelt, Jr., appeal pro se from a final order entered in the District Court [1] for the Western District of Missouri dismissing their civil rights complaint. For reversal, the Mildfelts argue that the district court erred in concluding that their complaint failed to state a claim that they were denied their constitutional rights of access to the courts and that they were deprived of their property without due process. For the reasons discussed below, we affirm the judgment of the district court.

On July 29, 1986, Roberta Mildfelt and Jack Mildfelt, Jr.,[2] filed a pro se complaint in the district court against the Circuit Court of Jackson County and several individuals. The Mildfelts alleged that the circuit court had allowed an illegal and improper foreclosure of their property and denied them access to the courts. They further alleged that the individual defendants, who are apparently the mortgage holders and a trustee of the property in question, had illegally sold the property

1. The Honorable Joseph E. Stevens, Jr., United States District Judge for the Western District of Missouri.

2. Although the complaint states Jack Mildfelt, Jr., is a minor, it is not clear whether this is in fact true. The record shows that a letter to the Jackson County Courthouse dated December 14, 1984, indicates that Jack was seventeen years old. The complaint was filed in the district court seventeen months later.

under a trustee's sale because there was insufficient notice of the sale. The Mildfelts appear to also have a dispute with the individual defendants concerning insurance proceeds.

The property at issue was sold under a trustee's sale on January 7, 1983. The Mildfelts alleged that they first learned of the sale in July 1983. In December 1984, Roberta Mildfelt apparently sent letters to the probate court and circuit court of Jackson County, Missouri, expressing a desire to file a claim in the matter. On January 3, 1985, Roberta Mildfelt sent another letter and a petition to the circuit court. On September 13, 1985, after learning their petition was never filed, the Mildfelts sent a copy of the original petition and an amended petition to the circuit court. They allege the circuit court returned the materials on September 24 with an explanation that the circuit court could not accept the amended petition because there was no record showing the original petition had been filed. The Mildfelts then commenced this action in federal district court, alleging violations of the first, fifth and fourteenth amendments. The Mildfelts requested damages against the Circuit Court and the individual defendants and reinstatement of ownership of the disputed property to Jack Mildfelt, Jr.

The Circuit Court of Jackson County filed a motion to quash service on the grounds that the proper party had not been served. In considering the motion, the district court liberally construed the complaint to allege violations of the due process and equal protection clauses of the fourteenth amendment and sua sponte dismissed the complaint for failure to state a claim upon which relief may be granted. *Mildfelt v. Circuit Court*, No. 86–0906–CV–W–8 (W.D.Mo. Dec. 19, 1986). This appeal followed.

■ A district court has the power to sua sponte dismiss a complaint for failure to state a claim. *E.g., Tatum v. Iowa*, 822 F.2d 808, 809–10 (8th Cir.1987) (per curiam); *Martin-Trigona v. Stewart*, 691 F.2d 856, 858 (8th Cir.1982) (per curiam) (*Martin-Trigona*). "In reviewing an appeal from an order dismissing a pro se complaint, the complaint is to be liberally construed, the facts taken in the light most favorable to the plaintiff, and all well-pleaded allegations considered to be true." *Martin-Trigona*, 691 F.2d at 858. After reviewing the complaint, we hold that the Mildfelts sufficiently stated a cause of action under 42 U.S.C. § 1983 for infringement of their constitutional right of access to the courts, in violation of their first amendment right to petition the government for redress of grievances, as applied to the states through the due process clause of the fourteenth amendment. *See Harrison v. Springdale Water & Sewer Comm'n*, 780 F.2d 1422, 1427 (8th Cir. 1986). However, state courts as entities are not vulnerable to a § 1983 suit because they are protected by immunity under the eleventh amendment. *Harris v. Missouri Court of Appeals*, 787 F.2d 427, 429 (8th Cir.), *cert. denied*, — U.S. —, 107 S.Ct. 179, 93 L.Ed.2d 114 (1986). Therefore, in naming the Circuit Court of Jackson County as a party defendant, the Mildfelts failed to name a party amenable to suit.

■ As against the individual defendants, we understand the Mildfelts to allege that they were deprived of their property without due process because the individual defendants improperly and illegally conducted a trustee's sale. Assuming for purposes of analysis that the complaint sufficiently alleged state action, we hold the district court correctly dismissed the complaint against the individual defendants for failure to state a claim upon which relief could be granted because the individual defendants did not act under color of state law. Whether particular conduct is action "under color of state law" for purposes of 42 U.S.C. § 1983 is a question of federal, not state, law. *E.g., Burton v. Wilmington Parking Authority*, 365 U.S. 715, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961); *Marshall v. Sawyer*, 301 F.2d 639, 646 & n. 5 (9th Cir.1962). "To act under color of state law ... does not require, however, that the defendant be an officer of the state. Private acts or conduct may incur liability under § 1983 if the individual is a 'willful

participant in joint action with the State or its agents.'" *Earnest v. Lowentritt,* 690 F.2d 1198, 1200 (5th Cir.1982), *citing Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 152, 90 S.Ct. 1598, 1606, 26 L.Ed.2d 142 (1970). "The question ... is whether 'there is a sufficiently close nexus between the state and the challenged action ... so that the action ... may be fairly treated as that of the State itself.'" *Barrera v. Security Building & Investment Corp.,* 519 F.2d 1166, 1169 (5th Cir.1975), *citing Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 350, 95 S.Ct. 449, 453, 42 L.Ed.2d 477 (1974).

 We conclude that there is no significant state involvement in the conduct of a trustee's sale and thus no state action. Under Missouri law extrajudicial foreclosure is not a statutory right; it is "a contractual right established by the power of sale provision in the deed of trust." *Federal National Mortgage Ass'n v. Howlett,* 521 S.W.2d 428, 432 (Mo.1975) (banc); *see United States v. Classic,* 313 U.S. 299, 326, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368 (1941). It is the contracting parties who create and include the power of sale provision in the deed of trust; no state official or state agency is involved in the creation of the power of sale provision, in the decision to exercise that power, or in the actual exercise of that power. *Federal National Mortgage Ass'n v. Howlett,* 521 S.W.2d at 432, 437. The state is not directly involved in an extrajudicial foreclosure[3]; Missouri law merely "recognizes the validity of [contractual power of sale] provisions ... [and] foreclosures accomplished pursuant to [such provisions] and establish[es] minimum standards which must be met if there is to be foreclosure pursuant to a contractual power of sale." *Id.; accord Earnest v. Lowentritt,* 690 F.2d at 1201–02 (similar Louisiana foreclosure law); *Barrera v. Security Building & Investment Corp.,* 519 F.2d at 1169–71 (similar Texas foreclosure law); *Bryant v. Jefferson Federal Savings & Loan Ass'n,* 509 F.2d 511, 513–15 (D.C.

Cir. 1974) (similar District of Columbia foreclosure law). *But see, e.g., Turner v. Blackburn,* 389 F.Supp. 1250, 1254–58 (W.D.N.C.1975) (North Carolina law); *Garner v. Tri-State Development Co.,* 382 F.Supp. 377, 379 (E.D.Mich.1974) (Michigan law).

Accordingly, we affirm the judgment of the district court.

---

**3.** *Compare Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972) (state-created ex parte prejudgment replevin procedure); *Sniadach v. Family Finance Corp.,* 395 U.S. 337,

89 S.Ct. 1820, 23 L.Ed.2d 349 (1969) (state-created ex parte prejudgment garnishment procedure).