PER CURIAM.
Appellant, a prisoner at Florida State Prison, filed a pro se “Complaint of Civil Damage” claiming that appellees had not complied with the proper procedures for a disciplinary hearing conducted on February 1, 1988, and thus, had violated appellant’s due process rights. He further claimed that disciplinary confinement subsequent to this hearing constituted cruel and unusual punishment. The complaint named five defendants: (1) Richard Dugger; (2) C.D. McQueen, Corrections Officer; (3) Ted Keyes, Classification Officer; (4) C.K. Davis, Corrections Officer; and (5) Counselor Saunders.
On August 1, 1988, two of the appellees, Dugger and McQueen, filed a motion to dismiss or, in the alternative, a motion for summary judgment. The other three ap-pellees did not file a response but, on October 25, 1988, the trial court granted the motion to dismiss submitted by appellees Dugger and McQueen, and entered an order of dismissal with prejudice as to all five appellees on the grounds that appellant “failed to state a claim upon which relief can be granted.” However, no motion for dismissal was pending on behalf of appel-lees Keyes, Saunders and Davis. We affirm in part and reverse in part.
The appellees’ motion to dismiss was properly granted as to appellee Dug-ger. Liability for civil rights violations cannot be predicated upon a respondeat superior theory. Rankin v. Colman, 476 So.2d 234 (Fla. 5th DCA 1985).
The complaint against appellee McQueen should not have been dismissed with prejudice. Rule 1.190, Fla.R.Civ.P., provides that leave to amend a pleading shall be freely given when justice so requires. This is generally interpreted to allow a plaintiff to amend his complaint at least one time in an attempt to state a cause of action unless it is clear that a plaintiff cannot in good faith allege a set of circumstances sufficient to state a cause of action. Town of Micanopy v. Connell, 304 So.2d 478 (Fla. 1st DCA 1974). Thus it was error to dismiss this complaint with prejudice. Sidener v. Jones, 455 So.2d 643 (Fla. 1st DCA 1984). Accordingly that portion of the order appealed from as to defendant McQueen is reversed and remanded to the trial court with instructions that appellant *1266 be given leave to amend his complaint pursuant to Rule 1.190, Fla.R.Civ.P.
Also, it was error for the trial court to grant a motion to dismiss as to parties who did not so move or in any other way respond to the complaint. Thus, we reverse the dismissal with prejudice as to appellees Keyes, Saunders and Davis and remand to the trial court with instructions that the appellees be given 20 days within which to file responses to appellant’s complaint.
Affirmed in part, reversed in part and remanded with instructions.
SMITH, THOMPSON and MINER, JJ., concur.