**Douglas RUBINS, Plaintiff–Appellant,**

v.

**Anne PLUMMER, Clerk of the Combined Courts for Fremont County, Defendant–Appellee.**

No. 89CA1421.

Colorado Court of Appeals,
Div. II.

Dec. 20, 1990.

Rehearing Denied Jan. 24, 1991.

Certiorari Denied July 29, 1991.

Douglas Rubins, pro se.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Diane Eret, Asst. Atty. Gen., Denver, for defendant-appellee.

Opinion by Judge DUBOFSKY.

Plaintiff, Douglas Rubins, appeals the dismissal of his complaint. We reverse and remand with directions.

On July 12, 1989, plaintiff filed suit against the clerk of the Fremont County Combined Courts, alleging that the clerk had violated 42 U.S.C. § 1985(2) (1988) and the Civil Rights Act of 1871, 42 U.S.C. § 1985(3) (1988) by refusing to process plaintiff's motion for a preliminary injunction and restraining order. The clerk filed no responsive pleading; thus, the allegations of the complaint stood admitted. C.R.C.P. 8(d).

On August 15, 1989, the trial court *ex parte* and without notice to either party entered an order dismissing the complaint on the ground that it was "frivolous on its face." In this appeal, plaintiff asserts that dismissal was error. We agree.

Generally, a trial court may not dismiss an action when neither party has sought dismissal and there has been no notice or hearing on whether there exists a justifiable cause for dismissal. In *Gordon v. Brotherhood of Locomotive Firemen & Enginemen*, 109 Colo. 347, 125 P.2d 140 (1942), the court held that the trial court erred in *sua sponte* dismissing a complaint. In so ruling the court stated:

"Defendant, by withdrawing its demurrer, at least signified that it did not desire so to attack the sufficiency of the complaint and by no other or subsequent action has it done so. In this situation the court was *without authority* to declare the pleading insufficient...." (emphasis added)

*See also Thompson v. McCormick*, 138 Colo. 434, 335 P.2d 265 (1959); *Maxwell v. W.K.A. Inc.*, 728 P.2d 321 (Colo.App.1986).

In the federal system, there is a split among the jurisdictions as to the authority of a trial court *sua sponte* to dismiss a complaint without providing the affected party notice and an opportunity to be heard.

Many of the cases upholding a federal court's authority to dismiss cases in this manner have been decided under 28 U.S.C. § 1915(d) (1988), which gives the federal courts the authority to dismiss *pro se* prisoner complaints on their own motion. There is no comparable statutory authority for such action in Colorado.

Federal cases holding that it is error for a court *sua sponte* to dismiss a lawsuit without providing the affected party with notice and an opportunity to be heard include the following: *Literature, Inc. v.*

*Quinn,* 482 F.2d 372 (1st Cir.1973); *Square D Co. v. Niagara Frontier Tariff Bureau, Inc.,* 760 F.2d 1347 (2d Cir.1985); *Tingler v. Marshall,* 716 F.2d 1109 (6th Cir.1983) (requiring that: (1) the complaint be served on defendants; (2) notice be given to parties of the court's intent to dismiss; (3) plaintiff and defendant be afforded an opportunity to respond; and (4) if the case is dismissed, the court must state the reasons therefor); *Doe v. St. Joseph's Hospital,* 788 F.2d 411 (7th Cir.1986); *California Diversified Promotions, Inc. v. Musick,* 505 F.2d 278 (9th Cir.1974); *Dodd v. Spokane County,* 393 F.2d 330 (9th Cir.1968); *Jefferson Fourteenth Associates v. Wometco De Puerto Rico, Inc.,* 695 F.2d 524 (11th Cir.1983); *Jamison v. Butcher & Sherrerd,* 68 F.R.D. 479 (E.D.Pa.1975); *see also* 2A *Moore's Federal Practice* ¶ 12.07 (2d ed. 1989).

Examples of state appellate decisions invalidating a trial court's *sua sponte* dismissal of a complaint without notice and an opportunity to be heard are: *Lambrix v. Dugger,* 547 So.2d 1265 (Fla.Dist.Ct.App. 1989); *Around the World Importing, Inc. v. Mercantile Trust Co.,* 771 S.W.2d 919 (Mo.Ct.App.1989); *Gall v. Scroggy,* 725 S.W.2d 867 (Ky.Ct.App.1987); *Bloch v. Angney,* 149 Vt. 29, 538 A.2d 174 (1987); *Gleason v. Coman,* 693 S.W.2d 564 (Tex. App.1985).

In *Ricketts v. Midwest National Bank,* 874 F.2d 1177 (7th Cir.1989), the court addressed the problems which arise when the court *sua sponte* dismisses an action without affording the parties an opportunity to be heard. It concluded that the *sua sponte* dismissal of lawsuits without notice conflicts with the traditional adversarial precepts of our system of justice and makes the district court appear to be a proponent of the order rather than an independent entity. *See Doe v. St. Joseph's Hospital, supra.*

The *Ricketts* court also pointed out that *sua sponte* dismissals can prejudice plaintiffs by effectively depriving them of an opportunity to amend their complaint once as a matter of course, as permitted by Fed.R.Civ.P. 15. Further, summarily dismissed cases do not adequately deal with legal issues and problems and, thus, the appellate courts do not have an adequate record upon which to proceed. As the *Ricketts* court noted, summary dismissals can lead to judicial inefficiency and waste and thereby bring about the very result that the rules are designed to prevent.

The court-initiated dismissal of lawsuits without providing notice and an opportunity to be heard is based on a theoretical "inherent power" of the court to decide cases unilaterally. In our view, the court's use of its "inherent power" effectively to bypass the rules of civil procedure is an evil to be avoided. *See Gall v. Scroggy, supra.*

A trial court should normally refrain from dismissing a complaint for failure to state a claim unless such a deficiency is brought to its attention by way of pleadings or motions by the parties. If the court is inclined to dismiss *sua sponte,* it must afford the plaintiff an opportunity to be heard. *See Gall v. Scroggy, supra.* While we agree that circumstances might arise when a trial court is justified in raising the dismissal option *sua sponte,* it should, as matter of fundamental fairness, if not procedural due process, give plaintiff an opportunity to persuade the court that dismissal is not proper.

*Sua sponte* dismissals of lawsuits by trial courts without prior notice and an opportunity to be heard appear to proceed on the presumption that there are some lawsuits so patently frivolous that they cannot be saved by an amended complaint. However, there are numerous cases in which courts have differed over whether a claim was frivolous. *See, e.g., Boyce v. Alizaduh,* 595 F.2d 948 (4th Cir.1979); *Western United Realty, Inc. v. Isaacs,* 679 P.2d 1063 (Colo.1984); *Colorado Supply Co. v. Stewart,* 797 P.2d 1303 (Colo.App. 1990).

Although constantly increasing case loads place heavy demands upon the judiciary, it is not proper to respond to these demands by denying a litigant his right to be heard. The acceptance of the judicial process by the citizens of this state is de-

pendent both on the manner in which justice is administered as well as the correctness of the decisions that are made. The right to prior notice and an opportunity to be heard is a critical part of our judicial system. *See Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). A method of resolving cases that bypasses this requirement can not be accepted as a fair, neutral, and rational process.

While we acknowledge that the dismissal of plaintiff's complaint may ultimately be justified, we hold that plaintiff should have been afforded the opportunity to argue, at least in writing if not in person, that his complaint should not be dismissed or, alternatively, that he be permitted to amend it. An order by the trial court to show cause would have afforded plaintiff this opportunity.

The judgment is reversed and the cause is remanded to the trial court with directions to reinstate the complaint.

SMITH, J., concurs.

ROTHENBERG, J., dissents.

Judge ROTHENBERG dissenting.

I respectfully dissent.

Plaintiff Douglas Rubins, an inmate at the Territorial Correctional Facility in Canon City, Colorado, filed a complaint against Ann Plummer, clerk of the Fremont County court, claiming that Plummer violated his civil rights under 42 U.S.C. § 1985(2) as follows:

"(1) On May 25, 1989, plaintiff mailed his application for preliminary injunction and restraining order to the court. On May 30, 1989, the clerk stamped it filed with the court on it and a few days later returned it to the plaintiff requesting he fill out in forma pauperis petition. Plaintiff had the one copy notorized and mailed it to the court.

(2) On July 3, nearly three weeks later, the clerk now request [sic] another in forma pauperis be notorized and filled out as the clerk explained plaintiff's pleadings are being [withheld] held by them instead of being placed upon the docket, thus delaying plaintiff's cause

and impeding [sic] and hindering the due course of justice for the plaintiff."

About one month later the trial court entered one order granting Rubins leave to proceed *in forma pauperis* and on its own motion the court also dismissed the complaint stating:

"Plaintiff alleges that the clerk has required him to fill out more than one request to proceed in forma pauperis, and alleges further that these pleadings are being held instead of immediately placed on the docket.

It is not the clerk's responsibility to place matters on the docket. Rather, it is the responsibility of the attorney or party to notice all parties and attorneys in for appropriate hearings of proceedings.

The court finds plaintiff's complaint to be frivolous on its face."

At issue is whether a trial court has the authority to dismiss, on its own motion, a complaint for failing to state a claim under C.R.C.P. 12(b)(5) without further notice to plaintiff and without a motion to dismiss filed by defendant.

The rule adopted by many, if not most, federal courts is found in Wright & A. Miller, *Federal Practice & Procedure* § 1357 (1983), and states that:

"Even if a party does not make a formal motion, the court on its own initiative may note the inadequacy of the complaint and dismiss it for failure to state a claim."

*See, e.g., Gilland v. Hyder*, 278 F.Supp. 189 (E.D.Tenn.1967) (where a prisoner in the state penitentiary brought a civil rights action against the judge who sentenced him, the court *sua sponte* dismissed the complaint without requiring defendant to appear and file a formal motion).

*Thompson v. McCormick*, 138 Colo. 434, 335 P.2d 265 (1959) did not involve C.R.C.P. 12(b)(5) and no other Colorado case decided since passage of the Colorado Rules of Civil Procedure has squarely faced this issue. However, a number of other states have ruled that a trial court has inherent power to dismiss a frivolous complaint on its own motion for failure to state a claim

without any further notice to plaintiff and without a formal motion by defendant. *See Cramer, Inc. v. Southeastern Office Furniture Wholesale Co.,* 171 Ga.App. 514, 320 S.E.2d 223 (1984); *Wohlschlegel v. Uhlmann–Kihei, Inc.,* 4 Haw.App. 123, 662 P.2d 505 (1983); *Rhodes v. Mill Race Inn, Inc.,* 126 Ill.App.3d 1024, 81 Ill.Dec. 793, 467 N.E.2d 915 (1984); *Wilkinson v. Guarino,* 19 Mass.App. 1021, 476 N.E.2d 983 (1985); *Narron v. Union Camp Corp.,* 81 N.C.App. 263, 344 S.E.2d 64 (1986); *Albrecht v. First Federal Savings & Loan Ass'n,* 372 N.W.2d 893 (N.D.1985); *Lauer v. Dupreau,* 58 N.Y.2d 814, 459 N.Y.S.2d 267, 445 N.E.2d 650 (App.1983); *Donaldson v. Donaldson,* 557 S.W.2d 60 (Tenn. 1977).

As one example of such a dismissal, in *Albrecht v. First Federal Savings & Loan Ass'n, supra,* a debtor brought an action against a lending institution claiming that its loan was fraudulent because only two thousand dollars of the loan was in legal tender, and the remaining thirty-eight thousand dollars consisted of invalid "credit or checkbook money."

On its own motion, the trial court dismissed the debtors' complaint for failure to state a claim and, on appeal, the dismissal was upheld since the complaint was "patently frivolous and devoid of any possible claim upon which relief could be granted."

In 1977, the General Assembly formally recognized that the courts of this state have become "increasingly burdened with litigation which is straining the judicial system and interfering with the effective administration of justice." In response to the problem, it passed legislation permitting the assessment of attorney fees for frivolous, groundless, or vexatious actions. Sections 13–17–101, et seq., C.R.S. (1987 Repl.Vol. 6A).

Also, C.R.C.P. 11 was amended in 1987 to require each attorney filing a pleading to verify that "to the best of his [or her] knowledge, information and belief ... it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law...."

Unfortunately, enforcement of these rules is difficult in cases where the party filing a frivolous or vexatious action is incarcerated or indigent. Thus, a party sued capriciously may be left in the position of spending thousands of dollars to hire counsel and defend against a frivolous suit with no real possibility of recovering costs and fees. While I appreciate the important interest in maintaining confidence in and access to the courts, *see Board of County Commissioners v. Barday,* 197 Colo. 519, 594 P.2d 1057 (1979); and *also* Colo.Const. Art. II, § 6, I can find no constitutional right to use the courts as a vehicle for the filing of lawsuits which on their face are palpably frivolous, delusional or contain fantasized claims. *See Boyle v. O'Bannon,* 500 Pa. 495, 458 A.2d 183, 188 (1983) (dissenting opinions) where one of four dissenting justices stated:

"[T]he issue in this appeal is not the denial of access to the court system. The question is whether or not a court will be required to compel a responsive pleading before disposing of a patently frivolous action. Such a rule would unfairly place an economic burden upon persons who become the objects of plaintiff's litigious whims. It is apparent plaintiff has caused an inordinate consumption of the valuable time of an already overburdened judiciary, as well as the waste of precious tax dollars expended to provide a rational legal system. It should be unnecessary to state that due process does not require the courts to allow such nonsensical profligacy."

In *Boyce v. Alizaduh,* 595 F.2d 948, 950–51 (4th Cir.1979), the Fourth Circuit Court of Appeals dismissed a prisoner's *pro se* civil rights lawsuit citing the "Recommended Procedures For Handling Prisoner [sic] Civil Rights Cases In The Federal Courts" (Federal Judicial Center, Tentative Report No. 2, 1977):

"The committee recommends dismissal with no opportunity to respond when the complaint is irreparably frivolous or malicious. If the defect in the complaint is reparable, the court should issue an order to show cause, permitting the plain-

tiff to respond and to amend. If there are multiple defendants, the complaint should be dismissed as to those defendants against whom a frivolous or malicious cause of action is alleged and should be allowed to continue against other defendants. In borderline cases, the court should not dismiss, but should let the case proceed and rule on a subsequent motion to dismiss if one is presented."

In my opinion, *Boyce* sets out a workable guide which balances a party's access to the courts, yet also protects innocent defendants from being sued capriciously.

I agree with the trial court that plaintiff's complaint here is irreparably and patently frivolous. Plaintiff named only the court clerk as a defendant and it is settled law that one person cannot be liable for a conspiracy under 42 U.S.C. § 1985(2), *see Fletcher v. Hook*, 446 F.2d 14 (3d Cir.1971), or under state law, *Jet Courier Service, Inc. v. Mulei*, 771 P.2d 486 (Colo.1989). Further, Rubins' claim sets forth no damages cognizable in law; no duty owed to him; no state action; *see Mildfelt v. Circuit Court*, 827 F.2d 343 (8th Cir.1987); and no notice of intent to sue a public employee. *See* § 24–10–109, C.R.S. (1988 Repl.Vol. 10A).

For these reasons and others, it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Crouse v. City of Colorado Springs*, 766 P.2d 655 (Colo.1988). I would therefore affirm the trial court's order of dismissal.