# Third District Court of Appeal

## State of Florida

Opinion filed January 2, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0539
Lower Tribunal No. 23-15262-CA-01
_____

**L Powers,**
Appellant,

vs.

**Mayor Daniella Levine Cava, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Vivianne del Rio, Judge.

L Powers, in proper person.

Geraldine Bonzon-Keenan, Miami-Dade County Attorney and Richard Schevis, Assistant County Attorney; Greenspoon Marder LLP, and Joseph S. Geller (Fort Lauderdale), for appellees.

Before LOGUE, C.J., and EMAS and BOKOR, JJ.

PER CURIAM.

Affirmed. See Grove Isle Ass'n v. Grove Isle Assocs., 137 So. 3d 1081, 1095 (Fla 3d DCA 2014) (explaining that a trial court must generally give a plaintiff at least one attempt to amend a complaint to assert a cause of action "unless it is clear that a plaintiff cannot in good faith allege a set of circumstances sufficient to state a cause of action" (quoting Lambrix v. Dugger, 547 So. 2d 1265, 1265 (Fla. 1st DCA 1989))); Rios v. McDermott, Will & Emery, 613 So. 2d 544, 545 (Fla. 3d DCA 1993) (explaining that dismissal with prejudice of an amended complaint was proper where plaintiff failed to allege any "'ultimate facts' necessary to permit appellees to frame an answer" and the facts as pled failed to state a cause of action); Kairalla v. John D. & Catherine T. MacArthur Found., 534 So. 2d 774, 775 (Fla. 4th DCA 1988) ("[A] dismissal with prejudice should not be ordered without giving the plaintiff an opportunity to amend the defective pleading, unless it is apparent that the pleading cannot be amended to state a cause of action.").