## John Bloch v. Alice Angney, Superintendent of the Washington Central Supervisory Union

[538 A.2d 174]

No. 86-145

Present: **Allen, C.J., Peck, Gibson, Dooley and Mahady, JJ.**

Opinion Filed December 4, 1987

*John Bloch*, pro se, Worcester, Plaintiff-Appellant.

*Leslie C. Pratt* and *James M. Vitt* of *Paterson, Walke & Pratt, P.C.*, Montpelier, for Defendant-Appellee.

**Gibson, J.** Plaintiff, John Bloch, appeals the dismissal of his suit seeking access to certain documents in the possession of defendant, Alice Angney, superintendent of the Washington Central Supervisory Union (WCSU). We affirm in part and reverse in part.

Plaintiff sought access to all records relating to an audit of the WCSU by the Vermont Tax Department. Defendant refused plaintiff's demand to examine certain of her calendars, diaries and appointment records, which defendant asserted contained personal, confidential or privileged information. Plaintiff subsequently filed suit in Washington Superior Court seeking to require defendant to allow him access to these documents. In Count I of the complaint, plaintiff sought access to these documents as a private citizen of the State of Vermont pursuant to Vermont's open meeting law, 1 V.S.A. §§ 312-320. In Count II, plaintiff sought access to the same documents but claimed his right to access rested upon his official positions as a member of the local school board of the Town of Worcester, Vermont and as a board member of WCSU.

Defendant moved to dismiss Count I of the complaint on the basis that plaintiff had already been given access to all of the records to which he was entitled pursuant to Vermont's open meeting law. Following an off-the-record conference with plaintiff and counsel for defendant, the court, consisting of the presiding judge and the two assistant judges, ordered defendant to submit an abstract of certain entries, together with the documents themselves, for an in camera examination by the court. Thereafter, defendant moved to vacate the order, claiming the court had misinterpreted the positions taken by the parties at the conference. The parties presented oral arguments on the motion, after which the presiding judge, acting alone, granted defendant's motion and vacated the previous order. The court then dismissed *both* counts of plaintiff's complaint without prejudice, stating that the court lacked subject matter jurisdiction over the case, and that plaintiff was suing the wrong party.

On appeal, plaintiff raises three issues: (1) whether the court erred in dismissing plaintiff's complaint without the participation of the assistant judges; (2) whether any factual basis existed for the court to dismiss Count I of plaintiff's complaint; and (3) whether the court erred in dismissing Count II of plaintiff's complaint without holding a hearing thereon or affording plaintiff an opportunity to submit oral or written arguments in support of his pleadings.

■ All of the issues addressed in the dismissal order were matters of law which required a decision by the presiding judge acting alone. See 4 V.S.A. § 112(b). Therefore, the presiding judge

acted within the scope of his authority in granting defendant's previous motion to dismiss.

Count I of the complaint was dismissed because the court lacked subject matter jurisdiction. Plaintiff had failed to exhaust the requisite administrative remedies, and he had sued the wrong party when he named the individual custodian rather than the agency itself. 1 V.S.A. § 318 sets forth an administrative procedure for requesting public records from their custodian. Upon a denial of access by the custodian, § 318(a)(2) provides a right of appeal to the head of the applicable agency. Section 319(a) confers subject matter jurisdiction on the Washington Superior Court, or other superior courts, when "[a]ny person [is] aggrieved by the denial of a request for public records under this subchapter . . . ." Thus, § 319(a) makes the procedural requirements of § 318 a prerequisite to an action in the superior courts. See *Smith* v. *State Highway Bd.*, 117 Vt. 343, 349, 91 A.2d 805, 809-10 (1952) (failure to exhaust an administrative remedy precludes a court from acting on the matter). The trial court reasoned correctly that because plaintiff had failed to allege compliance with § 318 in his complaint, the court lacked subject matter jurisdiction to entertain the action. See *Woodard* v. *Porter Hosp., Inc.*, 125 Vt. 264, 266, 214 A.2d 67, 70 (1965) ("Every court has inherent power to determine whether or not it has jurisdiction of the proceeding before it. It makes no difference how the question comes to the attention of the court, and the court will act on its own motion.").

Since we affirm Judge Morse's decision to dismiss Count I for lack of subject matter jurisdiction, we do not reach the issue of whether plaintiff sued the wrong party. Because of the lack of subject matter jurisdiction, plaintiff is foreclosed from raising his second issue, whether a factual basis existed to dismiss Count I.

With respect to Count II, plaintiff asserts that the presiding judge erred in dismissing that count without affording plaintiff a hearing or an opportunity to present arguments in support of his claim. An important distinction between Counts I and II, not addressed by the trial court, is that Count II was not premised upon Vermont's open meeting law but rather on plaintiff's position as a school board member. The foregoing jurisdictional analysis is therefore inapplicable to Count II. In addition, the fact that plaintiff may have been required to sue WCSU directly and not defendant superintendent personally is irrelevant to the analysis

of the dismissal of this count since that argument was also based on an interpretation of Vermont's open meeting law.

■ The court held a hearing on defendant's motion to dismiss Count I, but apparently dismissed Count II on its own initiative. Before a court dismisses all or a portion of a pleading on grounds other than jurisdictional defects, see *Woodard*, 125 Vt. at 266, 214 A.2d at 70, it is better practice for the court to give notice to the party of the impending action and an opportunity to argue the matter either orally or in writing, especially when the complainant is proceeding pro se. See *Town of Westminster* v. *Hall*, 139 Vt. 248, 250, 428 A.2d 1095, 1096 (1981); see also *Tatro* v. *Fee*, 148 Vt. 634, 634, 535 A.2d 783, 783 (1987) ("A trial court may not summarily refuse such a filing without the benefit of a hearing merely because the cause appears weak or lacking in merit."). The policy underlying this rule is that at a hearing a party may be able to elucidate a previously unexplained legally supportable theory, or be able to reveal to the court some unknown fact or factors that would militate against a dismissal. In the instant case, because the result of the ruling on Count II was to foreclose plaintiff from an opportunity to submit written or oral arguments in support of his action, we find that the judge acted prematurely in dismissing that count of the complaint, and the ruling must be reversed.

*Affirmed as to dismissal of Count I; reversed as to dismissal of Count II. The cause is remanded for further hearings.*