Filed 07/30/24

VERMONT SUPERIOR COURT
Lamoille Unit
154 Main Street
Hyde Park VT 05655
802-888-3887
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-00676

**Kathleen Lovell v. Town of Morristown**

## ENTRY REGARDING MOTION

| | |
|---|---|
| Title: | Motion to Dismiss (Motion: 2) |
| Filer: | Brian P. Monaghan |
| Filed Date: | May 08, 2024 |

The motion is GRANTED IN PART.

The present action is an appeal for public records filed under 1 V.S.A. § 316.[1]  The Defendant Town of Morristown has filed a motion to dismiss based on the argument that Plaintiff's claims are not ripe.  The Court agrees and dismisses the present appeal without prejudice under V.R.C.P. 12(b) to allow the parties to exhaust the administrative process before it will consider this matter any further.  It also directs Plaintiff to enumerate in a numerical list all documents or records (or descriptions thereof) that are being requested, and it directs the Town to draft all future responses to Plaintiff's requests as separate responses to such an enumerated list, rather than embedding them within the text.

By way of background, the Vermont Public Records Act is a broad and liberally interpreted right in the citizenry to obtain free and open examination of records.  1 V.S.A. § 315.  This right, however, is not without process and order.  Under 1 V.S.A. § 318(b) a custodian of a public record shall promptly produce a public record for inspection or copy, with four exceptions: (1) the record is in use or storage; (2) the record is exempt under one or more exemptions within 1 V.S.A. § 317(c); (3) the record does not exist; and (4) more time is needed under an unusual circumstance.  In each case and for each record if one of the four exceptions is invoked, the public agency is obligated to communicate to the requestor both the exception claimed and in the case of an exemption under Section 3167(c), the reason for the exemption.

---

[1] This is the statute cited in Plaintiff's complaint.  Technically, an appeal of a public records decision arises under 1 V.S.A. § 319.

Embedded within this framework is the expectation that the requestor will be as specific as possible so that the agency may respond as specifically as possible. While the Agency's response is not mandated to be in a particular format, the intent of the Rule as stated in Section 315 requires clean and clear responses from the municipality.

If there is a denial of a record—not a delay or extension of time, but a denial—then the requesting party may appeal to the head of the agency. 1 V.S.A. § 318(c)(1). The head of the agency has five days to respond and to provide both further clarification for the denial and to inform the requesting party of his or her judicial appeal rights. There are several purposes served by this intra-agency appeal. First, it gives the agency an opportunity to scrutinize its response and make sure that the agency's response is consistent with the technical requirements of public records law. It also creates consistency within an agency as the head of the agency is likely to field appeals from multiple record keepers and can develop consistent responses. Finally, it allows the agency a second chance to engage with the requestor. This is important because 1 V.S.A. § 318(d) requires the agency, at both the initial request level and on appeal, to consult with the requestor if there is a need for clarification or additional information to help with the search. As noted in Section 318(d), this might include a request to narrow the scope to make the search for responsive records more focused and by extension, quicker. 1 V.S.A. § 318(d).

All of these provisions add up to the expectation of a robust agency process where a requestor can file an initial request and then consult with the record keeper to focus and narrow the request to obtain the responsive and sought after records. It also gives the record keeper and agency head a chance to work with the requestor to understand the nature and identity of the documents sought and to focus a request where there are either no responsive records or where there are too many.

Only after this administrative process is completed does the right to seek a remedy from the Superior Court arise. 1 V.S.A. § 319. The first words of the statute state that "Any person aggrieved by the **denial** of a request for public records . . . may apply to the Civil Division . . . to enjoin the public agency from **withholding** agency records . . . ." 1 V.S.A. § 319(a) (emphasis added). By the time the case is filed, the parties should be able to produce for the Court: (1) a list of requested documents and records (or descriptions of such records); and (2) a list of denied documents and the reason for the denial. Id. This process further permits the Court to avoid acting as a mediator between the parties to develop both the request and the response and simply adjudicate the denial as

either allowed or not under Section 317(c) or the relevant exception to production under Section 318(b). It also facilitates the requirement under Section 319 that such review be performed on an expedited and summary basis. This can only be done if the parties have resolved the easy issues, narrowed the focus of the requests and are ready to present the Court with either clear issues of compliance or ripe legal issues.

In this case, there is no list of documents requested or denied. Plaintiff's complaint simply states that she seeks "the records I requested." The Town in its motion avers that it is unclear what documents it has or has not provided to meet this request, and it finds itself unable to defend itself in a more meaningful way. None of Plaintiff's attached e-mails shed substantial light on this subject as many of the documents she requests in the quoted correspondence appear from the embedded responses to have been produced to Plaintiff. The Court cannot comb through a party's email to attempt to identify what may or may not have been produced. *Bloch v. Angney*, 149 Vt. 29, 31 (1987) (dismissing PRA appeal because Plaintiff had not complied with the administrative steps and agency appeal under 1 V.S.A. § 318).

In the present matter, Plaintiff's filings at best still reflect the raw issues that lack an agency response. This lack of response is not from a lack of agency participation or compliance, but it is from a lack of development of the record and agency response.[2] It is not clear what has or has not been produced. If documents have not been produced, it is not clear what reasons exist for the denial. This is particularly relevant for the present litigation process. For example, if a denial is based on the agency's representation that the record sought does not exist, then the analysis will be different for both the Court and the parties, then if the denial is based on an exemption that will have to be proven by the agency and which has well-defined standards and terms. Focus on and development of these issues is necessary before the Court can review and adjudicate Plaintiff's claims.

While the Court is dismissing the matter to allow the Town to consult with Plaintiff and to review any specific denials on appeal as well as to focus the scope and nature of the appeal through

---

[2] In this respect, the present case is distinguishable from *Munson Earth Moving* as that case involved a set of documents requests that were expansive but well-defined at the time of judicial review and were easily susceptible the Court's analysis under Section 319. See *Munson Earth Moving Corp v. City of South Burlington*, No. S0805-08CNC, 2009 WL 8019258 (Vt.Super. Mar. 30, 2009). In such a case, the Court can see some fact-specific wisdom in refusing to dismiss and remand as such a process is less likely to advance the meaningful review of a well-established set of denials.

head of agency reviews, the Court has an on-going concern. The public records process is not inherently adversarial, at least not at first, but it is a system that relies on openness and clear communication where possible. To that end, the Court directs Plaintiff to refile her remaining requests in numbered lists to allow the Town to reply in a meaningful manner. Only then, if there remains specific disagreement between what is and is not disclosable under 1 V.S.A. §§ 316–318, does the Court had a role to play.

## ORDER

Based on the foregoing, Defendant Town's Motion to Dismiss is **Granted in part.** The present matter is dismissed, but the parties are directed to take up Plaintiff's requests at the appropriate level of review within the Town under 1 V.S.A. § 318. The parties are directed to conduct any further public records requests and responses through lists of requested items and to provide separate, correspondingly enumerated responses that do not embed responses into the other party's email texts.

Electronically signed on 7/30/2024 7:43 AM pursuant to V.R.E.F. 9(d)

_____

Daniel Richardson
Superior Court Judge