VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.     24-AP-279



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

DECEMBER TERM,   2024

Jeffrey Rivard\* v. Windham State Attorney

}
}
}
}

APPEALED FROM:

Superior Court, Windham Unit,
Civil Division
CASE NO. 24-CV-01669
Trial Judge: Mary Miles Teachout (Ret.)

In the above-entitled cause, the Clerk will enter:

Plaintiff Jeffrey Rivard appeals a civil division order dismissing his complaint against defendant, the Windham State's Attorney.  We affirm.

The narrative contained in plaintiff's pro se complaint is somewhat difficult to parse.  Generally, he alleged that defendant declined to release certain "papers" related to a criminal prosecution upon the request of an attorney and sought an order compelling the production of these records under Vermont's Public Records Act (PRA), 1 V.S.A. §§ 315-320, and the Federal Freedom of Information Act (FOIA), 5 U.S.C. § 552.

Defendant moved to dismiss.  Relying on several Vermont cases, she argued that the court lacked subject-matter jurisdiction over plaintiff's PRA claim because he failed to plead compliance with the record-request procedures at 1 V.S.A. § 318.  See Bain v. Windham Cnty. Sheriff Keith Clark, 2012 VT 14, ¶ 11, 191 Vt. 190 (explaining that where party fails to comply with PRA procedures, "the superior court lacks subject matter jurisdiction over a [PRA] complaint and such complaint must be dismissed"); Bloch v. Angney, 149 Vt. 29, 31 (1987) ("[B]ecause plaintiff had failed to allege compliance with § 318 in his complaint, the court lacked subject matter jurisdiction to entertain the action.").  Citing Stoianoff v. Commissioner of Motor Vehicles, defendant also contended that plaintiff failed to state a claim under the FOIA because that statute does not create a private right of action against state agencies or officials. 107 F. Supp. 2d 439, 444 (S.D.N.Y. 2000), aff'd sub nom. Stoianoff v. Comm'r of Dep't of Motor Vehicles, 12 F. App'x 33 (2d Cir.), cert. denied., 534 U.S. 954 (2001).

The civil division granted the motion, concluding that it lacked subject-matter jurisdiction to hear plaintiff's claims under either statute.  This appeal followed.

"Motions to dismiss for lack of subject-matter jurisdiction and for failure to state a claim under Vermont Rules of Civil Procedure 12(b)(1) and (6) may not be granted unless it appears beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief."

Wool v. Off. of Pro. Regul., 2020 VT 44, ¶ 8, 212 Vt. 305 (quotation omitted).  We review de novo, taking the plaintiff's factual allegations as true and accepting all reasonable inferences that may be drawn from those facts.[*]  Id.

Plaintiff suggests that the civil division's order must be reversed because it did not cite to authorities supporting its legal conclusions.  We note that the implication of the court's order is that it agreed with the arguments defendant raised, which were supported by citation to the authorities referenced above.  In any event, our review is plenary and nondeferential, and we conclude that plaintiff's claims under the PRA and the FOIA were properly dismissed.  See id.

We turn first to plaintiff's claims under the Vermont statute.  As defendant noted in her motion to dismiss, the PRA lays out an administrative procedure for requesting public records at 1 V.S.A. § 318.  Bloch, 149 Vt. at 31.  Such request must be directed, in the first instance, to the record custodian.  1 V.S.A. § 318(b).  "Any denial of access by the custodian of a public record may be appealed to the head of the agency."  Id. § 318(c)(1).  Because only a "person aggrieved by the denial of a request for public records on this subchapter" may file suit in superior court seeking production of the records, see id. § 319(a), "the procedural requirements of § 318 [are] a prerequisite to an action in the superior courts."  Bloch, 149 Vt. at 31; see Stone v. Errecart, 165 Vt. 1, 4 (1996) ("Where the Legislature specifically mandates, exhaustion is required.").  Thus, where a plaintiff has failed to exhaust the administrative remedies contained in § 318, "the superior court lacks subject matter jurisdiction over a [PRA] complaint and such complaint must be dismissed."  Bain, 2012 VT 14, ¶ 11; see Pratt v. Pallito, 2017 VT 22, ¶ 15, 204 Vt. 313 ("A trial court lacks subject matter jurisdiction to hear a case if a party fails to exhaust administrative remedies.").

Here, plaintiff did not allege compliance with § 318 in his complaint.  Taking his allegations as true and drawing all reasonable inferences in his favor, we assume that the attorney he referenced was acting on his behalf.  See Wool, 2020 VT 44, ¶ 8.  However, it is unclear whether she made a records request under the PRA and directed it to defendant's records custodian, or if she instead requested these documents as discovery in connection with a criminal proceeding.  Even assuming the former, plaintiff also did not allege that he pursued any appeal under § 318(c)(1).  Thus, as in Bloch, plaintiff "failed to allege compliance with § 318 in his complaint," and his PRA claims were appropriately dismissed for lack of subject-matter jurisdiction.  149 Vt. at 31; see, e.g., Herron v. Town of Guilford Selectboard, No. 22-AP-322, 2023 WL 3271526, at *3 (Vt. May 5, 2023) (unpub. mem.) [https://perma.cc/D3P9-KA2A] (concluding dismissal of PRA complaint was not error because complaint must "contain sufficient factual allegations . . . to show that the court has subject-matter jurisdiction" and plaintiff's complaint failed to allege exhaustion of administrative remedies).

Defendant was also correct in arguing that plaintiff failed to state a claim under the FOIA.  "[I]t is beyond question that FOIA applies only to federal and not to state agencies."  Grand Cent. P'ship, Inc. v. Cuomo, 166 F.3d 473, 484 (2d Cir. 1999).  Plaintiff could not state a claim against the Windham State's Attorney under the FOIA because the statute applies only to "agencies" within the meaning of 5 U.S.C. § 551(1)—"authorit[ies] of the Government of the United States."  See 5 U.S.C. § 552.  Because plaintiff failed to state a claim under the FOIA, we do not reach the trial court's conclusion that it lacked subject-matter jurisdiction to hear such

---

[*]  Plaintiff makes a variety of factual assertions for the first time in his appeal brief.  Because our review is limited to the record established below, we do not consider these allegations.  See Hoover v. Hoover, 171 Vt. 256, 258 (2000).

2

claims.  See <u>Gilwee v. Town of Barre</u>, 138 Vt. 109, 111 (1980) (explaining that we may affirm where the record "indicates any legal ground for justifying the result").

Finally, plaintiff variously references 4 V.S.A. §§ 732 and 740, 20 V.S.A. § 2401, Vermont Rules of Civil Procedure 4 and 16, the First Amendment to the U.S. Constitution, and Chapter I, Article 11 of the Vermont Constitution.  To the extent he seeks to raise legal arguments in connection with these citations, we are unable to discern them and therefore decline to address them as inadequately briefed.  See V.R.A.P. 28(a)(4)(A) (explaining that principal brief must include argument containing "appellant's contentions and the reasons for them"); <u>State v. Bergquist</u>, 2019 VT 17, ¶ 64 n. 13, 210 Vt. 102 ("We will not consider issues, even those of a constitutional nature, that are insufficiently raised and inadequately briefed.").

<u>Affirmed</u>.

BY THE COURT:

Harold E. Eaton, Jr., Associate Justice

Karen R. Carroll, Associate Justice

William D. Cohen, Associate Justice

3