Filed 01/15/25

VERMONT SUPERIOR COURT
Caledonia Unit
1126 Main Street Suite 1
St. Johnsbury VT 05819
802-748-6600
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-04448

---

**Kevin Blais v. Town of Burke**

---

## ENTRY REGARDING MOTIONS

Title:      Motion to Dismiss; Motion for Leave to File Sur Reply (Motions: 1; 2)
Filer:      Sarah E. Buxton; Kevin Blais
Filed Date:      November 20, 2024; December 20, 2024

Plaintiff Kevin Blais, proceeding pro se, filed this complaint under the Public Records Act, 1 V.S.A. §§ 315-320, against "Linda Corey" a.k.a. Linda Hackett-Corey, the Burke Town Clerk. Because the complaint seeks relief against Ms. Hackett-Corey in her official capacity, the real party in interest in this case is the Town of Burke. The clerk shall accordingly dismiss Ms. Hackett-Corey as a defendant and amend the case caption to substitute the Town of Burke as the appropriate defendant. *See* 24 V.S.A. § 901(a).

The Town has moved to dismiss the complaint under Rules 12(b)(1) and 12(b)(6) of the Vermont Rules of Civil Procedure for lack of subject matter jurisdiction and for failure to state a claim. Plaintiff opposes the motion and has moved for permission to file a sur-reply. For the reasons set forth below, the motion to file a sur-reply is granted and the motion to dismiss is denied.

### Background

Plaintiff's complaint alleges that, on September 21, 2024, he "submitted a public records request related to the West Burke wastewater project," and that on September 26, 2024, he "submitted a public records request regarding public officials and employees wages and benefits," and that "[b]oth requests remain substantially unfulfilled, without notice or explanation." Plaintiff asks the court to "recognize [his] right to these public records and hold the town clerk accountable for her failure to uphold Vermont statute."

The Town argues the complaint should be dismissed for lack of jurisdiction under Rule 12(b)(1) because plaintiff failed to exhaust his administrative remedies under the Public Records Act by appealing the alleged denial of his records requests to the head of the agency. *See* 1 V.S.A. § 318(c)(1). The Town further argues the complaint fails to state a claim for relief under Rule 12(b)(6) because it lacks sufficient factual allegations. In

response, plaintiff argues that he was never told that his requests were denied in writing and that he was never informed by the Town of his appeal rights.

## Analysis

A complaint should be dismissed under Rule 12(b) "only if it is beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." *Birchwood Land Co. v. Krizan*, 2015 VT 37, ¶ 6, 198 Vt. 420 (quotation omitted). In considering a motion to dismiss, the court construes alleged facts and draws all reasonable inferences from those alleged facts in favor of the non-moving party. *Id.* On a Rule 12(b)(1) motion, the court "may consider evidence outside the pleadings." *Vt. Hum. Rts. Comm'n v. Town of St. Johnsbury*, 2024 VT 71, ¶ 6. On a Rule 12(b)(6) motion, the court must determine "whether the bare allegations of the complaint are sufficient to state a claim," and in so doing, may consider documents relied on in the complaint and subject to judicial notice." *Sutton v. Purzycki*, 2022 VT 56, ¶ 20, 217 Vt. 326; *Birchwood Land. Co. v. Krizan*, 2015 VT 37, ¶ 6, 198 Vt. 420.

Under the Public Records Act, any person may "inspect or copy any public record of a public agency." 1 V.S.A. § 316. The Town is a "public agency" under the Act. *See* 1 V.S.A. § 317(a)(2) (defining "public agency" to include "any political subdivision of the State"). Subject to certain exceptions and limitations not applicable here, "the custodian of a public record shall," upon request, "produce the record for inspection or a copy of the record" within three business days of the request. 1 V.S.A. § 318(a)(1), (b). If the custodian believes an exemption from disclosure applies, does not possess the requested record, or requires more time to produce the record, the custodian shall so certify in writing. 1 V.S.A. § 318(b)(1), (2), (4), (5). If the request is denied because the custodian believes an exemption from disclosure applies, the custodian must, among other things, "notify the person of his or her right to appeal to the head of the agency any adverse determination." 1 V.S.A. § 318(b)(2)(D). "Any denial of access by the custodian of a public record may be appealed to the head of the agency," who "shall make a written determination on an appeal within five business days after the receipt of the appeal." 1 V.S.A. § 318(c)(1). "A custodian or head of the agency who fails to comply with the applicable time limit provisions of this section shall be deemed to have denied the request or the appeal upon the expiration of the time limit." 1 V.S.A. § 318(a)(2).

"Any person aggrieved by the denial of a request for public records . . . may apply to the Civil Division of the Superior Court in the county in which the complainant resides, or has his or her personal place of business, or in which the public records are situated." 1 V.S.A. § 319(a). A complaint seeking relief in superior court must allege compliance with the Act's procedural requirements. *See Bloch v. Angney*, 149 Vt. 29, 31, 538 A.2d 174, 175 (1987). "When a party fails to comply with [the Act's] procedure, the superior court lacks

subject matter jurisdiction over a public records act complaint and such complaint must be dismissed." *Bain v. Windham Cnty. Sheriff Keith Clark*, 2012 VT 14, ¶ 11, 191 Vt. 190, 196.

Plaintiff's complaint does not allege that he exhausted his administrative remedies by appealing the denial of his requests. Rather, as noted above, the complaint simply alleges that "[b]oth requests remain substantially unfulfilled." In his opposition and sur-reply—which the court allows pursuant to Rule 7(b)(4)—plaintiff argues that he followed up on his requests multiple times by visiting the clerk's office and emailing the clerk's office staff but that his requests remain unfulfilled. He claims his requests were verbally denied on October 7, 2024, but that the Town never provided a written denial or informed him of his appeal rights as required by the Public Records Act. Plaintiff argues that he consulted the Secretary of State's public records guide, which provides that the decision of an elective town clerk is final because there is no one in a supervisor position, "justifying the right to appeal to the Superior Court."[1]

Relying on the affidavits of Ms. Corey-Hackett and the Town's Treasurer Cathi Feeley, the Town argues that plaintiff's requests were fulfilled and that he was provided all responsive information in the Town's possession and directed to where he could obtain other publicly accessible information relevant to his requests. The Town further argues that, under its then-applicable public records policy, the Town had designated the Town Administrator as the "head of the agency" for the purpose of the Public Records Act.

The court is unable to resolve the parties' dispute on a motion to dismiss. Plaintiff's complaint is sparse but given his pro se status, the court reads the allegations along with the factual averments contained in his opposition and sur-reply—in effect, treating the three documents as an amended complaint. Construing plaintiff's factual allegations in the light most favorable to him, there is plainly a dispute about whether the Town verbally denied plaintiff's records requests on October 7. If the Town did, it was required to do so in writing and inform plaintiff of his appeal rights. *See* 1 V.S.A. § 318(b)(2)(D). And although the Secretary of State's decade-old guidance document does not bind the Town or this court, the court cannot conclude at this stage that—in the absence of a written denial—plaintiff was obligated to independently file an appeal with the Town Administrator before seeking relief in this court.

## Order

The clerk shall amend the caption to substitute the Town of Burke as the defendant in this case.

The motion to dismiss is DENIED.

---

[1] James C. Condos, Vt. Secretary of State, A Matter of Public Record: A Guide to Vermont's Public Records Law 14 (2014).

The motion for leave to file a sur-reply is GRANTED.

The clerk shall set the case for a status conference.


Electronically signed on: 1/15/2025 pursuant to V.R.E.F. 9(d)

_____
Benjamin D. Battles
Superior Court Judge