Filed 10/08/25

VERMONT SUPERIOR COURT
Chittenden Unit
175 Main Street
Burlington VT 05401
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-04900

| | |
|---|---|
| Benjamin Carpentier,<br>　　Plaintiffs<br><br>　　v.<br><br>Champlain Housing Trust, State of Vermont,<br>and the Town of Williston,<br>　　Defendants | DECISION ON MOTIONS |

## RULING ON MOTIONS TO DISMISS

This case arises out of allegations by Plaintiff Benjamin Carpentier regarding building code violations in his Williston residence. Specifically, Plaintiff asserts that the air in his apartment is contaminated with toxic dust and is making him ill. Plaintiff has filed suit against Champlain Housing Trust, the Town of Williston and the Williston Fire Department and Police Department, and the State of Vermont Division of Fire Safety. Mr. Carpentier represents himself, the Town of Williston is represented by John H. Klesch, Esq., and the State is represented by Assistant Attorney General Sara Moran. All Defendants have moved to dismiss the Complaint pursuant to Rules 12(b)(1) (court's subject matter jurisdiction) and 12(b)(6) (failure to state a claim upon which relief can be granted) of the Vermont Rules of Civil Procedure. For the reasons discussed below, the Town's motion is GRANTED and the State's motion is DENIED.

### Factual Background

In his Complaint, Mr. Carpentier alleges that the Defendants are not addressing the air quality in his apartment and that his apartment needs to be brought into compliance with the housing codes. He cites Act 181, which has been codified as Chapter 172, 20 V.S.A. §§ 2676-78. The Court held a status conference on June 4 in an effort to better understand Mr. Carpentier's concerns. Following that hearing, the Court issued an Order stating that "the court deems the Complaint to have been amended to assert claims for injunctive relief based on the alleged failure of Town and State authorities to exercise regulatory and administrative functions to address and enforce habitability concerns" at Mr. Carpentier's apartment. Entry Order, dated June 4, 2025 (Hoar, J.). The Court granted Defendants the opportunity to file supplemental memoranda in support of their motions to dismiss and granted Mr. Carpentier 14 days to respond thereto. On June 14, 2025, the State filed its supplemental memorandum along with the Affidavit of Assistant Fire Marshal Robert Stone, and the Town filed its supplemental

memorandum on June 17. Mr. Carpentier has not filed any response to the supplemental memoranda.

Discussion

"Motions to dismiss for lack of subject-matter jurisdiction and for failure to state a claim under Vermont Rules of Civil Procedure 12(b)(1) and (6) may not be granted unless it appears beyond doubt that there exist no facts or circumstances that would entitle the plaintiff to relief." *Wool v. Office of Prof'l Regulation*, 2020 VT 44, ¶ 8, 212 Vt. 305 (quotation omitted). Courts assume a plaintiff's factual assertions are true for purposes a Rule 12(b)(6) the motion. *Id.* In addition, in ruling on a Rule 12(b)(1) motion, "all uncontroverted factual allegations of the complaint [are] accepted as true and construed in the light most favorable to the nonmoving party." *Conley v. Crisafulli*, 2010 VT 38, ¶ 3, 188 Vt. 11 (quotation omitted). However, in ruling on a Rule 12(b)(1) motions, a "court may consider evidence outside the pleadings." *Id.*

I.    Town of Williston's Motion.

Mr. Carpentier's Complaint against the Town is a Rule 75 request for mandamus relief, although Mr. Carpentier did not style it as such. "Mandamus is a command from the court to an official, agency, or lower tribunal to perform a simple and definite ministerial duty imposed by law." *Wool*, 2020 VT 44, ¶ 18 (quoting *Wool v. Menard*, 2018 VT 23, ¶ 11, 207 Vt. 25). "Although the formal writ of mandamus was abolished by V.R.C.P. 81(b), relief in the nature of mandamus is still available under V.R.C.P. 75." *Id.* (quotation omitted). To be entitled to mandamus relief, a plaintiff must satisfy three requirements:

> (1) the petitioner must have a clear and certain right to the action sought by the request for a writ; (2) the writ must be for the enforcement of ministerial duties, but not for review of the performance of official acts that involve the exercise of the official's judgment or discretion; and (3) there must be no other adequate remedy at law.

*Id.* (quoting *Wool v. Menard*, 2018 VT 23, ¶ 11).

Mandamus is ordinarily available only to compel ministerial duties that do not involve discretionary decision-making. *Maple Run Unified Sch. Dist. v. Vt. Human Rights Comm'n*, 2023 VT 63, ¶ 12, 218 Vt. 496. "A ministerial duty is one regarding which nothing is left to discretion – a simple and definite duty, imposed by law, and arising under conditions admitted or proved to exist." *Id.* (quotation omitted). In other words, "if the duty is one that necessarily involves an exercise of judgment it is not considered ministerial but discretionary." *Id.* (quotation omitted).

Mr. Carpentier asserts problems with the heating, ventilation, and air conditioning system ("HVAC") in his apartment. In opposing the Town's motion, he states that his requests for help from the Town, its fire department, and its police department have gone unanswered, and he seeks injunctive relief to ameliorate his situation. *See* Pl.'s Opp. to Town's Mot. to Dismiss (describing public records requests made to the Town). A town's fire and police departments are

2

organizational divisions of the town. *See, e.g.*, *Livingston v. The Town of Hartford*, Docket No. 482-9-06 Wrcv, 2007 WL 7632579, n.1 (Vt. Super. Ct. May 17, 2007) (court dismissed police department as individually named defendant because it was "merely an organizational division of the Town."). Accordingly, references to "the Town" shall include the Town of Williston as well as its fire and police departments.

The Town makes two arguments in support of its motion. First, it contends that, to the extent Mr. Carpentier is seeking access to any of the Town's records, the Court lacks subject matter jurisdiction to consider this issue because Mr. Carpentier has failed to exhaust his administrative remedies. Mot. to Dismiss at 2-3. "[W]hen administrative remedies are established by statute or regulation, a party must pursue, or 'exhaust,' all such remedies before turning to the courts for relief." *Jordan v. State Agency of Transp.*, 166 Vt. 509, 511, 702 A.2d 58, 60 (1997) (citing *In re D.A. Assocs.*, 150 Vt. 18, 20, 547 A.2d 1325, 1326 (1988)); *accord Mullinnex v. Menard*, 2020 VT 33, ¶ 14, 212 Vt. 432 ("To allow complainants to bypass their administrative remedies deprives the parties and the courts of the benefit of the administrative agency's experience and expertise, and denies the agency the opportunity to cure its own errors." (quotation omitted)).

Access to public records is governed by 1 V.S.A. §§ 315-318a, and "[a]ny denial of access by the custodian of a public record may be appealed to the head of the agency." 1 V.S.A. § 318(c)(1). Only if an agency head denies a request for records does the person or entity seeking the records have the right to seek review of the denial in the Superior Court. *See id.* § 319(a) ("Any person aggrieved by the denial of a request for public records under this subchapter may apply to the Civil Division of the Superior Court . . . to enjoin the public agency from withholding agency records and to order the production of any agency records improperly withhold from the complainant."); *Bloch v. Angney*, 149 Vt. 29, 31, 538 A.2d 174, 175 (1987) (holding that "§ 319(a) makes the procedural requirements of § 318 a prerequisite to an action in the superior courts."). The *Bloch* Court concluded that the "trial court reasoned correctly that because plaintiff had failed to allege compliance with § 318 in his complaint, the court lacked subject matter jurisdiction to entertain the action" seeking public records. *Bloch*, 149 Vt. at 31. The same is true here. Mr. Carpentier has not asserted that he appealed the denial of any records requests to the heads of any Town agencies before turning to the court for relief. As a result, because he has failed to exhaust his administrative remedies, the Court is without jurisdiction to consider whether Mr. Carpentier is entitled to any of the Town's public records.

The Town's second argument is that Mr. Carpentier has failed to specify any duty that the Town owes to him with regard to his HVAC system. Mot. to Dismiss at 3-4; Supp. Mem. at 1-3. The Department of Public Safety is a state entity, and its Commissioner "prescribe[s] standards for the health, safety, sanitation, and fitness for habitation of rental housing . . . to protect the public, property owners, and property against harm." 20 V.S.A. § 2677(a). The Commissioner is responsible for conducting inspections that comply with the standards it adopts. *Id.* § 2677(b). The Commissioner appoints local health officers for each city or town to assist in conducting investigations and enforcing the Department's rules. 18 V.S.A. §§ 601(a), 602a. However, "[a]ctions taken by local health officers . . . shall be considered to be actions taken by State employees." *Id.* § 624. Thus, any complaint Mr. Carpentier may have regarding Williston's

3

health officer must be made to the State, which is responsible for local health officers acting within the scope of their duties, rather than to the Town of Williston, which is not.

Although some towns and cities in Vermont have cooperative inspection agreements with the Vermont Department of Public Safety, Division of Fire Safety, Williston does not. *See* https://firesafety.vermont.gov/buildingcode/municipalinsp (listing towns and cities that have cooperative inspection agreements). Mr. Carpentier has not identified any local ordinance that Williston has adopted that addresses his concerns, and the court is not aware of any such ordinance. Because Mr. Carpentier has failed to identify a duty the Town or any of its departments owes to him or how any such duty has been violated, the Town, as well as its police and fire departments, are entitled to be dismissed from this lawsuit. The Town's motion is granted.

II. The State's Motion.

Mr. Carpentier's Complaint against the State is also a Rule 75 request for mandamus relief. The State recognizes its responsibility to conduct inspections of rental housing in response to complaints regarding health, safety, sanitation, and fitness for habitation of rental housing. Supp. Memo. at 6; *see* 20 V.S.A. § 2677 (describing inspections of rental housing Commissioner of Public Safety is required to perform); Vt. Admin. Code 17-3-11:2 ("These rules in combination with the currently adopted Vermont Fire and Building Safety Code, establishes minimum safety, health and habitability standards that all residential rental housing in Vermont must conform to."). The State represents that it has investigated Mr. Carpentier's complaint and submits an affidavit by an Assistant State Fire Marshall describing the investigation and results thereof. Supp. Memo. at 7-8; *see* Aff. of Robert Stone.

The State points to no other adequate remedy Mr. Carpentier has to obtain the relief he seeks other than Rule 75 mandamus. *See Wool*, 2020 VT 44, ¶ 18 (mandamus relief is appropriate if plaintiff satisfies first two factors of test and has no other adequate remedy at law). Accordingly, mandamus relief is the appropriate vehicle for Mr. Carpentier to raise his claims to the Court. *See Wool*, 2020 VT 44, ¶ 18 (mandamus relief is appropriate if plaintiff satisfies first two factors of test and has no other adequate remedy at law). However, relying on *Conley* and *Mullinnex*, the State argues that the Court should consider the Assistant Fire Marshall's affidavit to conclude that it lacks subject matter jurisdiction to consider Mr. Carpentier's complaint against it. Such reliance is misplaced.

*Conley* and *Mullinnex* addressed whether the trial court had subject matter jurisdiction to grant the relief the plaintiffs in those cases were seeking. In *Conley*, the issue was whether plaintiff wife had properly established residency for purposes of being entitled to a divorce in Vermont. *See Conley*, 2010 VT 38, ¶¶ 2-3. In *Mullinnex*, the issue was whether the plaintiff inmate had exhausted his administrative remedies before initiating litigation. *See Mullinnex*, 2020 VT 33, ¶¶ 3-4. In both cases, evidence outside the pleadings was considered for the purpose of determining whether the trial court had subject matter jurisdiction.

In this case, by contrast, the State concedes that Mr. Carpentier is entitled to the State's ministerial act of investigating his complaint as required by 20 V.S.A. § 2677 and the Vermont

administrative rules. This alone establishes that the Court has subject matter jurisdiction over the case. The State relies on the Assistant Fire Marshall's affidavit to show that it has done everything that is required of it under the statute and administrative rules. However, whether or not the State has complied with the statutory and administrative requirements is a factual determination that the Court cannot make on a Rule 12(b)(6) motion to dismiss. Rather, a motion for summary judgment is the appropriate vehicle for the State to argue that "the Department fulfilled its non-discretionary duty when it conducted an inspection for possible violations in response to Mr. Carpentier's complaints." Supp. Memo. at 7.

Accordingly, the Court concludes that it has subject matter jurisdiction over Mr. Carpentier's Complaint against the State and that Mr. Carpentier has stated a claim for mandamus relief against the State pursuant to Rule 75. The State's motion must be denied.

Order

For the foregoing reasons, Defendant Town of Williston's motion to dismiss (Mot. #4) pursuant to both Rule 12(b)(1) and 12(b)(6) is GRANTED.

Defendant State's motion to dismiss pursuant to Rule 12(b)(1) and 12(b)(6) (Mot. #5) is DENIED. The State shall file its Answer to Plaintiff's Complaint within 14 days.

In addition, the parties shall submit their proposed discovery scheduling order within 30 days.

Electronically signed on October 8, 2025 at 10:44 AM pursuant to V.R.E.F. 9(d).

_____
Megan J. Shafritz
Superior Court Judge